## PRESONT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1922.)

' No. 3634.

**Intoxicating liquors ⬷167—Misprision statute not applicable to misdemeanors.**

On trial of defendants, respectively owner and tenant of a building, charged under National Prohibition Act, tit. 2, § 21, with maintaining a common nuisance, an instruction that, if defendants knew of violation of the law by a subtenant and failed to report it, they might be convicted, the court probably having in mind Criminal Code, § 146 (Comp. St. § 10316), relating to misprision of felony, *held* erroneous.

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Sam Present. Judgment of conviction, and defendant brings error. Reversed and remanded.

Sidney G. Kusworm, of Dayton, Ohio (Kusworm & Shaman, of Dayton, Ohio, on the brief), for plaintiff in error.

G. J. Pilliod, Asst. U. S. Atty., of Toledo, Ohio.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error and two other defendants were prosecuted upon an information containing four counts, under the National Prohibition Act (41 Stat. 305); the first (under title 2, § 3) for having in possession intoxicating liquor; the second (under section 6) for manufacturing liquor; the third (under section 21) for maintaining a common nuisance; the fourth (under section 25) for having in possession property intended for use in violating the act.

It is conceded by counsel for the government that the two other defendants were claimed to be the owners of the building and plaintiff in error the tenant thereof; the latter claiming that his tenant of an upper floor (who was not indicted) was the sole proprietor thereof and personally engaged in the unlawful acts in question; plaintiff in error and the two other defendants disclaiming all knowledge of such unlawful operation. The jury was instructed, among other things, that if either one of the three men under prosecution knew that the law was being violated in the house in question, in the way indicated by the evidence, they were subject to indictment and prosecution, and to punishment not exceeding three years in the penitentiary, for failing to inform the judge of the District Court of such violation of law; that accordingly one who has the power, by his own word or by his own exercise of his powers of ownership or occupancy, to stop the violation of laws on his premises, and fails to do it, may be held as one aiding and abetting in maintaining the operations comprehended by the act. The court accordingly submitted to the jury as its inquiry under the third count whether defendants, "knowing what was going on, one of them occupying the premises, the other as the landlord, permitted the thing to be done without exercising the power that came to them by their occupancy or by their ownership."

Plaintiff in error was convicted upon all four of the counts. The jury disagreed as to the other two defendants. Apparently in pursuance of the court's statement to the jury that he would regard a conviction on any one or on all four of the counts "in the ultimate judgment of the case, as but one transaction," a single sentence was imposed, by way of both fine and imprisonment, a punishment imposable only upon conviction under the third count. Presumably the court, in charging as to the liability for failing to disclose to some one in authority the fact of the violation in question, had in mind section 146 of the Criminal Code (Comp. St. § 10316), which relates to misprision of felony; neither of the offenses charged in the information here being a felony. We think the charge clearly erroneous and prejudicial. We must not be understood to intimate that it would be otherwise, if the offenses charged had been felonies.

The judgment of the District Court is accordingly reversed, and the record remanded to that court, with directions to award a new trial.